MURDOCK, Justice
(concurring specially).
As the main opinion notes, this Court in National Security Fire & Casualty Co. v. Bowen, 417 So.2d 179 (Ala.1982), stated the elements of a claim of “bad faith” in the following manner:
“ ‘(a) an insurance contract between the parties and a breach thereof by the defendant;
“ ‘(b) an intentional refusal to pay the insured’s claim;
“ ‘(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
*265 “ ‘(d) the insurer’s actual knowledge of the absence of any legitimate or arguable reason;
“ ‘(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer’s intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.’ ”
144 So.3d at 257 (quoting Bowen, 417 So.2d at 183).
I do not understand element (c) of the tort of bad-faith refusal to pay an insurance claim as referring to an absence of a debatable reason in an absolute sense, but as referring to an absence from the insurer’s decisional process of a debatable reason. See, e.g., National Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357, 1362 (Ala.1982) (“Whether an insurance company is justified in denying a claim under a policy must be judged by what was before it at the time the decision was made.”); Jones v. Alabama Farm Bureau Mut. Cas. Co., 507 So.2d 396, 400 (Ala.1986) (holding that an investigation conducted after the denial of a claim cannot have served as an arguable basis for denying the claim); and National Ins. Ass’n v. Sockwell, 829 So.2d 111, 130 (Ala.2002) (noting that it is “an insurer’s responsibility to marshal all of the pertinent facts with regard to its insured’s claim before it refuse[s] to pay”). With this understanding, I agree with the main opinion that element (c) is an element of both “normal” and “abnormal” bad-faith claims.[2]
I do not intend hereby to express any opinion as to the holding in Jones v. Alfa Mutual Insurance Co., 1 So.3d 23 (Ala. 2008), or any basis for distinguishing this case from Jones.

. To understand element (c) in an absolute sense would be to ignore two facts. First, it would ignore the fact the "intentional refusal” required by element (b) is something more than the mere failure described in element (a) (the failure to pay a contractual obligation that is in fact owed); that this "something more" relates to the mind-set of the insurer in its decision-making process; and that element (c) speaks in reference to "that refusal” required by element (b), not to the mere "breach” required by element (a). Second, it would mean that, even when there is in fact no true basis for refusing to pay an insured's claim (as must always be true pursuant to element (a)), an insurer might by dumb luck avoid any liability for its bad-faith refusal to pay the insured’s claim without even investigating if, in fact, there was "out there somewhere,” although unknown to the insurer, an "arguable” reason for such a refusal.